NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HILDA FRANCISCA ORTIZ-ZELAYA, | No. 20-70807 |
| Petitioner, | Agency No. A208-371-616 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2021**
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,***
District Judge.

Hilda Francisca Ortiz-Zelaya seeks review of the decision of the Board of

Immigration Appeals ("BIA"), which summarily affirmed the Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

("IJ") denial of her applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252 and review the agency's findings for substantial evidence. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005). To reverse the agency's findings, "we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). We deny the petition in part and dismiss it in part.

Substantial evidence supports the IJ's determination that Ortiz-Zelaya failed to establish past persecution. The gang's unfulfilled verbal threats and the one instance of a "metal object" being thrown through a window of Ortiz-Zelaya's home do not compel the conclusion that she suffered past persecution. *See Nahrvani*, 399 F.3d at 1153–54 (holding that several incidents of harassment, serious death threats, and minor property damage, none of which caused any physical harm, did not compel a finding of persecution).

The IJ's determination that Ortiz-Zelaya failed to establish a well-founded fear of future persecution is also supported by substantial evidence. The evidence shows that the gang had threatened to harm her and would harm her mother and daughter if she failed to pay "rent" for her salon business. But Ortiz-Zelaya's mother and daughter still live in Honduras, and Ortiz-Zelaya provided no evidence

---

[1] Ortiz-Zelaya does not seek review of the denial of relief under the Convention Against Torture.

that her daughter has been harmed or threatened by the gang based on Ortiz-Zelaya's failure to pay "rent" since 2015.  Given the evidence, the IJ reasonably concluded that Ortiz-Zelaya failed to establish a well-founded fear of future persecution.  *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) ("[A] petitioner's fear of future persecution 'is weakened, even undercut, when similarly-situated family members' living in the petitioner's home country are *not* harmed." (quoting *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001))).[2]

Finally, Ortiz-Zelaya does not appear to argue that she is a United States citizen.  Rather, she argues that the IJ and BIA committed procedural error by failing to review her derivative citizenship claim.  We lack jurisdiction to consider her procedural challenge as she failed to exhaust it.  *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).  But to the extent she raises a substantive derivative citizenship claim, it fails because she neither alleges nor points to any evidence showing that she satisfies the statutory requirements for derivative citizenship.  *See* 8 U.S.C. § 1431; 8 U.S.C. § 1432(a) (repealed 2000);

---

[2] Because Ortiz-Zelaya failed to establish past persecution or a well-founded fear of persecution, a necessary element of her asylum claim, *see Nahrvani*, 399 F.3d at 1152, we need not decide whether the BIA erred by failing to address her proposed particular social group of "property and business" owners.  And because Ortiz-Zelaya failed to establish her burden to show persecution on account of a statutorily protected ground as necessary for asylum, she also failed to demonstrate that it is more likely than not she will be persecuted as necessary for withholding of removal.

*cf. Theagene v. Gonzales*, 411 F.3d 1107, 1111–12 (9th Cir. 2005) (considering and rejecting an unexhausted claim for nationality because the petitioner failed to present a persuasive legal theory supporting such claim).

**Petition DENIED in part and DISMISSED in part.**